**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN RAY SANDERSON,** | ) | |
| **ID # 38269-177,** | ) | |
| **Movant,** | ) | **No. 3:14-CV-2463-L (BH)** |
| **vs.** | ) | **No. 3:08-CR-0153-L (4)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Amended Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received July 22, 2014 (doc. 5), as amended by (doc. 11), received September 15, 2014, should be **DENIED** with prejudice.

## I. BACKGROUND

Kevin Ray Sanderson (Movant) challenges his federal convictions and sentences in Cause No. 3:08-CR-153-L(4). The respondent is the United States of America (Government).

On January 20, 2010, Movant was charged by superseding indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343, 1349 (count 1); bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 2, 1344 (count 2); wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 2, 1343 (counts 3-4, 10-11, and 15-17); and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (count 43). (*See* doc. 209.)[1] He pled not guilty, and a jury convicted him of counts 1-4, 16-17, and 43 on April 5, 2016. (*See* doc. 288.)

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:08-CR-153-L(4).

A.      **Sentencing**

On June 21, 2010, the United States Probation Office (USPO) filed a Presentence Report (PSR) that applied the November 1, 2009 Guidelines Manual that would be in effect at the time of sentencing. (*See* doc. 353-1 at 1, 16.)[2]  The PSR reflected a 2003 plea of guilty to unlawfully carrying a weapon and possession of drug paraphernalia, for which Movant was sentenced to three months of deferred adjudication and fined, resulting in a criminal history score of 1, and a Criminal History Category of I.  (*Id*. at 17-18.)

The PSR also recited Movant's military record:

Military documents verified [Movant] entered the U.S. Air Force on September 20, 1993, in Houston, Texas.  He honorably discharged from the Air Force on September 20, 2000, from Kelly Air Force Base in San Antonio, Texas.  At the time of his discharge, he was a staff sergeant and held the grade of E-5.  During his military career, he was awarded the following medals and commendations:  achievement medal with three devices, outstanding unit award, good conduct medal with one device, national defense service medal, overseas short tour ribbon, longevity, service award ribbon, NCO professional military education graduate ribbon, and training ribbon.

(*Id*. at 22.)  A second addendum to the PSR also addressed Movant's military career:

. . . [Movant] was also awarded the Air Force Commendation Medal (AFCM) on September 29, 2000, however the Department of the Air Force was unable to locate the Special Order which authorized the AFCM.  Thus, [Movant's] DD Form 214 cannot be amended to reflect this award until the Special Order is found. Additionally, between May 1995 and July 2000, [Movant's] performance reports were outstanding and he was recommended for promotion.

(Doc. 517-1 at 5.)  It pointed out newly discovered information that Movant had been found guilty of violating the Uniform Code of Military Justice, Article 92, in December 1996, by disobeying an order not to enter a building, resulting in a reduction of grade for six months, forfeiture of part of

---

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

his pay for two months, and thirty days of extra duty.  (*Id*. at 6.)  The second addendum stated that the military disciplinary matter did not impact the guideline computations.  (*Id*.)

Movant's counsel filed a sentencing memorandum and motion for downward departure on November 24, 2010.  (Doc. 519.)  He argued that Movant's military record was a favorable sentencing factor under 18 U.S.C. § 3553(A), attached letters from fellow service members attesting to Movant's character, and pointed out that Movant was a disabled veteran.  (*Id*. at 2-3, 8.)

At sentencing on April 26, 2011, counsel argued that Movant was a decorated veteran of the United States Air Force with meritorious and exemplary service.  (Doc. 709 at 137, 142).  Although it considered a non-guidelines sentence, the Court imposed a sentence within the guidelines because Movant never withdrew from the criminal activity and instead concealed or hid his culpability.  (*Id*. at 147-49.)  It sentenced Movant to 57 months' imprisonment on each count, to be served concurrently, followed by three years of supervised release.  (Doc. 627.)

On direct appeal, Movant's appellate counsel's brief adopted the co-defendants' appellate points and also argued two specific issues regarding jury instructions and sufficiency of the evidence regarding bank fraud.  (3:14-CV-2463-L, doc. 9 at 6, 17-21.)  Movant's convictions and sentences were affirmed on appeal.  (Doc. 727); *see United States v. Mason, et al.*, No. 10-10743 (5th Cir. July 2, 2013).

**B.**      **Substantive Claims**

Movant raises the following grounds:

(1) His trial attorney provided ineffective assistance of counsel by:

> -being unaware of or disregarding the November 1, 2010, amendment to United States Sentencing Guideline (USSG) § 5H1.11, which allowed a downward departure for exemplary military service;

-failing to prepare to defend him; and

-telling him that if the one point for criminal history was incorrect, it did not affect the sentence;

(2)  His appellate attorney provided ineffective assistance of counsel by:

-failing to challenge both the conviction and sentence;

-using the testimony of a government witness to support an issue and not correcting the mistake;

-using a statement of fact with no citation of authority as a means of defense;

-failing to use available case law;

-failing to adopt the co-defendants' arguments on appeal; and

-being unprepared and incapable of handling the case; and

(3)  His criminal history was improperly calculated.

(3:14-CV-2463-L, docs. 5, 11.) The Government filed a response to the amended § 2255 motion on August 22, 2014. (*Id.*, doc. 8).  Movant filed a reply brief on September 15, 2014, (*id.*, doc. 10), and the Government filed a response to a subsequent amendment on November 14, 2014, (*id.*, doc. 6).

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising

the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Defendants may only collaterally attack their convictions on grounds of error omitted from their

direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the

error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an

ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring

[such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine,

"to conserve judicial resources and to respect the law's important interest in the finality of

judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also

waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant contends counsel was ineffective for being unaware of the November 1, 2010

amendment to USSG § 5H1.11, not challenging his criminal history score, and being unprepared.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n

all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

his defense." U.S. Const. art. VI. A guilty plea is "open to attack on the ground that counsel did

not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335,

344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). However, a

"defendant's mere subjective understanding that he would receive a lesser sentence" does not render

a plea involuntary. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002).[3] The plea stands unless

the expectation of a lesser sentence resulted from "a promise or guarantee by the court, the

---

[3]  *Daniels* is not cited for any proposition potentially abrogated in *United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004) (abrogating reliance on a "significantly less harsh test" of prejudice for sentencing errors in the § 2255 context), to the extent that any such abrogation occurred. *See* 376 F.3d at 438 n.4 (specifically distinguishing *Daniel* because that case dealt with prejudice in the context of § 2254).

prosecutor or defense counsel." *Id.*

   To successfully state a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

   To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

   To establish prejudice under *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Movants must "affirmatively prove prejudice." *Id.* at 693. The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain

relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## A.   <u>Military service</u>.

The PSR applied  the November 1, 2009 sentencing guidelines, but Movant was sentenced on April 26, 2011.  The parties agree that the November 1, 2010 sentencing guideline for military service (§ 5H1.11) applied.  (*See* doc. 14 at 7.) The guidelines in effect on the date of sentencing should be used, unless doing so constitutes an *ex post facto* issue. *See United States v. Brewster*, 137 F.3d 853, 858-59 (5th Cir. 1998); *see also United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688 at *5 (5th Cir. July 5, 2016).

Under *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory and not mandatory.  *See United States v. Clay*, 787 F.3d 328, 330-31 (5th Cir. 2015).  A court must consider them, however, as well as the history of the defendant under 18 U.S.C. § 3553(a)(1). *United States v. Robinson*, 741 F.3d 588, 598-99 (5th Cir. 2014).

The 2009 version of § 5H1.11 provided that "[m]ilitary, civic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a departure is warranted."  It treated military service as a discouraged factor because it was "'not ordinarily relevant to the determination of whether a sentence should be outside the applicable guideline range.'"  *United States v. Christman*, 607 F.3d 1110, 1119 (6th Cir. 2010) (quoting *Koon v. United States*, 518 U.S. 81, 95 (1996)).  Under *Koon*, which pre-dated *Booker,* a court could depart from the sentencing guidelines "only if the [discouraged] factor is present to an

exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon*, 518 U.S. at 96; *see also United States v. Nichols*, 376 F.3d 440, 442 (5th Cir. 2004).

The 2010 version of § 5H1.11 provided that "[m]ilitary service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines."

Under both versions, a court would consider whether a defendant's military service was present to an exceptional or unusual degree, depending on the version, that was different or distinguishable from the ordinary or typical case where a defendant served in the military. A court would also still consider the defendant's history under § 3553(a) under both.

Here, the PSR set out Movant's military service, and counsel argued his service in the sentencing memorandum and at the sentencing hearing. His service was able to be considered under either version of § 5H1.11 and under § 3553(a)(1). The Court considered departing from the guideline range but ultimately decided to assess a guideline sentence because Movant concealed or hid his culpability – a matter that had nothing to do with his military service.

Movant has not shown that counsel was ineffective for failing to bring the correct version of § 5H1.11 to the Court's attention. Even if his performance was deficient, however, Movant has not shown that he was prejudiced. Based on the Court's reason for assessing a guideline sentence, he has not shown that the result would have been different if counsel would have pointed out the correct version of § 5H1.11.

**B.**     <u>**Criminal History**</u>

Movant contends he informed counsel that his prior convictions should not have been used for his criminal history, but counsel said it would not affect his sentence.  He argues that under USSG § 4A1.2(c)(1)(A), misdemeanor offenses are not counted if the probationary period was less than one year, and he was sentenced to three months of deferred adjudication probation for his misdemeanor offenses.

"In calculating criminal history, sentences for misdemeanor offenses are counted unless excluded under U.S.S.G. § 4A1.2(c)."  *United States v. Martinez-Cruz*, 539 F. App'x 560, 562 (5th Cir. 2013).  Movant's prior convictions were for unlawfully carrying a weapon and possession of drug paraphernalia, which are not listed in § 4A1.2(c). His sentence was therefore properly counted in determining his criminal history.  Moreover, counsel was correct that even if the sentence for the misdemeanor offenses were improperly counted, Movant would have still been in Criminal History Category I.  A defendant is in Criminal History Category I if his criminal history score is 0 or 1 point.  USSG Sentencing Table, Ch. 5.

Movant has not shown either deficient performance or prejudice.

**C.**     <u>**Failure to Prepare**</u>

Movant alleges counsel failed to prepare to defend his case.  His conclusory claim is insufficient to show he is entitled to relief.  *See United States v. Woods*, 870 F.2d at 288 n.3; *United States v. Daniels*, 12 F. Supp. 2d at 575-76; *see also Miller v. Johnson*, 200 F.3d at 282.  He fails to allege in what way counsel was not prepared, and how he was prejudiced by any lack of preparation.

## IV.  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant alleges that appellate counsel was ineffective for failing to challenge both the conviction and sentence; using the testimony of a government witness to support an issue and not correcting the mistake; using a statement of fact with no citation of authority as a means of defense; failing to use available case law; failing to adopt the co-defendants' arguments on appeal; and being unprepared and incapable of handling the case.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal.  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*.  Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal.  *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.' "  *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688).  "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.  Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted).  To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal."  *Phillips*, 210 F.3d at 348.

## A.      <u>Sentencing</u>

Movant's amended § 2255 motion does not allege any facts in support of his claims.  He attaches a letter from counsel addressing his questions and explaining his reasoning regarding the appellate brief, which is in the record.  (3:14-CV-2463-L, doc. 9.)  He also attaches his reply letter expressing his concerns with counsel's letter and the brief as well as other sentencing issues – loss calculation, misuse of a license, and military service.  (*Id.*, doc. 5 at 12, 16 at 18.)  Even considering the reply letter, he has not shown counsel was ineffective.

Counsel raised issues regarding the convictions.  As discussed, military service was a sentencing factor that was raised and was capable of being considered by the Court under the former version of the sentencing guideline.  The Court assessed a guideline sentence because Movant concealed or hid his culpability.  He has not shown that the military service sentencing guideline issue, to which there was no objection, would have been meritorious and would have altered the result.  Regarding the other sentencing issues, he does not allege any meritorious arguments that counsel should have raised and or show how the result would have been different.

## B.      <u>Testimony of government witness</u>

Movant claims that counsel used the testimony of a government witness to support an issue.  His letter asserts that the testimony of a representative from another lending institution was used to support the issue regarding the bank exposing itself to the risk of loss by putting a buy-back provision in the contract.  (*Id*. at 16.)  However, he does not allege what counsel should have done, or how he was prevented from prevailing on a meritorious issue.  He does not show that the result would have been different.

**C.**     **Statement of Fact with No Citation to Authority**

Movant also asserts counsel used a statement of fact with no citation of authority.  His letter referred to counsel's letter regarding the risk of loss issue.  (*Id*. at 16-17.)  Counsel said he did not cite authority for the proposition that Movant did not put the bank at risk of loss and that the bank exposed itself to the risk of loss through the contract's buy-back provision.  (*Id*. at 12.)  Counsel explained that he could not find any authority for that proposition when he wrote the brief and he still could not find any supporting authority.  (*Id*. at 12-13.)  Movant does not identify any authority counsel should have cited.  He does not argue how the result would have been different had counsel cited any such authority.

**D.**     **Failure to Cite Available Case Law**

Movant asserts counsel failed to cite available case law.  Counsel's letter referred to case law Movant apparently asked him about and explained why he did not cite those decisions.  (*Id*. at 13-14.)  Movant's letter pointed out that one of the cases was cited in a co-defendant's brief.  (*Id*. at 17.)  Counsel adopted the co-defendants' briefs and arguments, so he adopted the argument and case citation in that co-defendant's brief.  (*Id*., doc. 9 at 6.)  Movant's letter referred to two other cases, but he did not explain how those case citations were necessary to support a meritorious argument or how the result would have been different if counsel had cited those cases.

**E.**     **Failure to Adopt Co-defendants' arguments**

Movant contends counsel failed to adopt the appellate arguments of his co-defendants.  Counsel did adopt the arguments and briefs of co-defendants pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure.  (*Id*., doc. 9 at 6.).  Moreover, the Fifth Circuit found no merit to any of the co-defendants' arguments, with the exception of a restitution argument that was unique to one

co-defendant because he was acquitted of the conspiracy in count one.  (Doc. 727.)  Even if counsel

had not properly adopted co-defendants' briefs and arguments, Movant was not prejudiced because

those arguments lacked merit.

**G.**    **Lack of Preparation**

Movant contends that counsel was unprepared and incapable of handling the appeal.  As

discussed a conclusory claim such as this is insufficient to show he is entitled to relief.  *See United

States v. Woods*, 870 F.2d at 288 n.3; *United States v. Daniels*, 12 F. Supp. 2d at 575-76; *see also

Miller v. Johnson*, 200 F.3d at 282.  He fails to allege in what way counsel was not prepared and

how he was prejudiced by any lack of preparation.

## V.  CRIMINAL HISTORY

Movant contends his criminal history score was miscalculated, because the sentence for the

two misdemeanor offenses should not have counted under USSG § 4A1.2(c)(1)(A).

This claim is not cognizable on § 2255 review.  Claims of error based on a district court's

application of the United States Sentencing Guidelines are not cognizable under § 2255.  *See United

States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (defendant's claim that district court erred in

making upward departure under Sentencing Guidelines could not be considered in § 2255

proceeding); *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996) ("A district court's

technical application of the Guidelines does not rise to a constitutional issue."); *United States v.

Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the

sentencing guidelines standing alone is not the type of error cognizable under section 2255.").

Moreover, there was no error because the sentence counted toward Movant's criminal history

score.  Additionally, any error was harmless.  In order to be entitled to relief based on trial error,

Movant must show that any error had a substantial and injurious effect. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999). A defendant is in Criminal History Category I if the criminal history score is 0 or 1 point. USSG Sentencing Table, Ch. 5. The 1 point did not affect Movant's Criminal History Category.

## VI.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED on this 12th day of September, 2016**.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE